UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY D. BAKER**          )          Case No.  4:05 CV 1566
                              )
          Petitioner,         )          Judge James S. Gwin
                              )
vs.                           )          REPORT AND RECOMMENDATION
                              )          OF MAGISTRATE JUDGE
**MARGARET BRADSHAW,WARDEN**  )
                              )
          Respondent,         )          Magistrate Judge James S. Gallas
                              )

Petitioner Jeffrey D. Baker is a prisoner in state custody seeking federal habeas corpus relief under 28 U.S.C. §2254 *pro se* from his March 2003 convictions which resulted from the State of Ohio's prosecution of the charges of rape and gross sexual imposition involving Baker's step-child from the time she was 8 years of age.  Baker was sentenced serve 11 years (Petition pg.1 ECF# 1).

Baker has exhausted his state remedies by exercising a direct appeal, application under Ohio R. App. 26(B) to reopen appeal and his unsuccessful pursuit of a delayed appeal to the Ohio Supreme Court.  See *State v. Baker*, 2003 WL 22997575, 2003-Ohio-7008 (Ohio App. 7 Dist. Dec 15, 2003), *motion to reopen denied by*, 2005 WL 351361, 2005-Ohio-565 (Ohio App. 7 Dist. Jan 27, 2005), *appeal not allowed by*, 105 Ohio St.3d 1519, 2005-Ohio-1880 (Table Apr 27, 2005), *and motion for delayed appeal denied by*, 105 Ohio St.3d 1542, 2005-Ohio-2188 (Table May 11, 2005). Although Baker timely sought and obtained a direct appeal, his other pursuits were untimely, and this critically includes his appeal to the Supreme Court of Ohio. His subsequent application for leave to file a delayed appeal to the state supreme court was denied, as indicated above,  thereby raising

2

the prospect of procedural default barring federal review of his habeas corpus petition due to the lack of "fair presentation" of any of his grounds raised on habeas corpus.

*Lack of "Fair Presentation" of Baker's Grounds to the State Courts:*

The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights.  See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982);  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Coleman v. Thompson*, 501 U.S. 722, 735, 109 S.Ct. 2546, 2557, 115 L.Ed.2d 640(1991).  "Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system."  *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003), quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baker's procedural defaults are extensive resulting in a lack of "fair presentation" of any of his six habeas grounds to the Ohio Supreme Court.  His sole assignment of error on direct appeal was ineffective assistance of trial counsel. See *State v. Baker*, 2003 WL 22997575 at ¶¶8-9. This claim has been carried through to Baker's first ground in his petition. However his remaining five grounds of unlawful imposition of consecutive sentences, judicial error in failing to declare a mistrial, ineffective assistance of trial counsel in failing to move for mistrial, insufficient evidence to support conviction, and that the convictions were against the manifest weight of the evidence were never presented to the state courts.  Baker misapprehends the fact that the issues raised in the

3

counseled Ohio R. App. P. 26(B) application to reopen appeal were asserted as instances of appellate counsel's ineffectiveness (See Application to Reopen pg. 7-10, Ex. H).[1]  To be "fairly presented" the federal ground must also have been presented under the same theory as  presented to the state court.  See *Caver v. Straub*, 340 F.3d 340, 346 (6th Cir. 2003); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1939, 161 L.Ed. 779 (2005).  "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001), *cert. denied*, 534 U.S.1147 (2002).  Consequently, as in *Lott*,  claims raised under the motif of ineffective assistance of counsel *in state court* are not the same claim when raised in federal court as trial error.  See *Lott*, 261 F.3d at 611-12. This has resulted in a lack of fair presentation of Baker's second through sixth grounds. A failure to fairly present the federal ground to the state's highest court constitutes an adequate and independent state procedural rule barring habeas review.  See  *Leroy v. Marshall*, 757  F.2d 94, 99 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* 546 U.S. 821 (2005).

Additionally there has been a lack of fair presentation of all grounds due to Baker's failure to timely appeal to the Ohio Supreme Court.  Federal review is barred due to the Ohio Supreme Court's rejection of Baker's application for delayed appeal.  See *Bonilla v. Hurley*, 370 F.3d 494,

---

[1]  Ohio R. App. P. 26(B)(5) clearly reads: "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The Ohio Supreme Court has limited applications to reopen to that precise basis.  See *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996); *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 1998 - Ohio - 704 (1998); *State v. Bryant-Bey*, 97 Ohio St.3d 87, 776 N.E.2d 480, 2002 - Ohio - 5450 (2002).  An application to reopen does not serve as a proper vehicle to carry any other claim other than ineffective assistance of appellate counsel.

4

497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004) and Ohio S.Ct. Prac. R. II §2(A)(4)(a)  Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision.  See Ohio S.Ct Prac.R. II §2(A)(1).   The Ohio Supreme Court may, however, in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II §2(A)(4)(a).   The Sixth Circuit  held  in *Bonilla v. Hurley,* that the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is assumed to enforce any applicable procedural bar, and as a result, denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave.  See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).   Consequently, the Ohio Supreme Court's ruling to deny an untimely appeal is a procedural ruling based on the untimeliness of the appeal request, which is both actually enforced and is an adequate and independent state ground which can foreclose federal habeas review consistent with *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). See *Smith v. State of Ohio, Dept. of Rehabilitation and Correction*, 463 F.3d 426, 431-32 (6th Cir. 2006); and see *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).


Baker's failure to follow state court procedure  is not simply a matter of the lack of "fair presentation" but is also a concern of federal comity.  The bar against federal review of procedurally defaulted claims  in the state courts serves to protect the integrity of the federal exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had the opportunity to correct the constitutional violation in the first

5

instance." *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. at 1732; see also *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).

*Lack of "Cause and Prejudice" to Excuse the Procedural Defaults:*

This does not end federal collateral review of Baker's arguments because he has presented a list the circumstances he faced that he believes excused his procedural defaults.  "When a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bonilla v. Hurley,*  370 F.3d at 497, quoting *Coleman v. Thompson*, 501 U.S. at 750; and see *Edwards v. Carpenter*, 529 U.S. at 451-52; *House v. Bell,*  -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).

Baker contends that he has "cause" to excuse this procedural default for the same reasons rejected by the state supreme court in denying leave for delayed appeal:

    1. He was not advised by appellate counsel that the could appeal to the Supreme Court of Ohio;

    2. He understood that for a sum of more than $15,000 that appellate counsel would continue the appeal;

    3. He wrote appellate counsel several letters requesting trial transcripts until June 2004;

6

4. He did not receive a copy of his trial transcript until June 2004;

5. On July 12, 2004 he hired new counsel to review the transcript and appellate brief for other errors;

6. On August 30, 2004 new counsel notified Baker that former counsel was ineffective for failing to raise obvious and meritorious issues on direct appeal.

7. New counsel had unsuccessfully attempted to contact former appellate counsel;

8. A friend of Baker's had also attempted to contact former appellate counsel.

(See Baker's affidavit dated March 10, 2005 attached to Motion for Delayed Appeal, Ex. F).

For the most part, these excuses were used previously in Baker's unsuccessful attempt to obtain leave under Ohio R.App. P. 26(B) for an application to reopen appeal due to ineffective assistance of appellate counsel. (See Application to Reopen Appeal, Ex. H). However, there are differences between his March 10, 2005 affidavit and his December 10, 2004 affidavit accompanying his application to reopen appeal. These include the addition of the claim of a lack of counsel's advice that he could appeal to the Ohio Supreme Court and a discrepancy that he obtained his trial transcript from former appellate counsel on March 15, 2004, not June 2004.

Baker's primary excuse, that he was not advised by appellate counsel he could continue his appeal to the Ohio Supreme Court, may be correct but Baker's own post-appeal efforts to obtain a copy of his trial transcript, to contact appellate counsel, and his understanding that appellate counsel would continue the appeal, demonstrate that Baker was aware of the existence of additional appeals despite that lack of explicit advice from appellate counsel.  As explained in *Peguero v. United States,* a failure to advise of the possibility of appeal does not result in prejudice when the

7

prisoner knew of that possibility.  *Id.*, 526 U.S. 23, 26, 119 S.Ct. 961, 963-64, 143 L.Ed.2d 18

(1999).

Second, several of Baker's excuses appear to be based on the assumption that transcripts

were necessary. They were not.  Ohio S.Ct. Prac. R. III §1(B) sets out the requirements for the

memorandum in support of jurisdiction which must be filed with the notice of appeal to the Ohio

Supreme Court.  (See Ohio S.Ct. Prac. R. III §1(A)).  Aside from the briefing requirements, all that

is permitted to be simultaneously submitted is "[a] date-stamped copy of the court of appeals opinion

and judgment entry being appealed . . . [and] appellant may also attach any other judgment entries

or opinions issued in the case, if relevant to the appeal.  The memorandum shall not include any

other attachments."  Ohio S. Ct. Prac. R. III §1(D).  Accordingly, not only were complete transcripts

not required, their submission with the memorandum was not permissible.

Third, any of appellate counsel's failures beyond the first appeal as of right do not constitute

"cause."  In order to constitute "cause" to excuse a procedural default, there must be a constitutional

right to assistance of counsel in the state proceeding.  See *Coleman*, 501 U.S. at 752, 111 S.Ct. at

2566.  There is no constitutional right to counsel in second-tier discretionary review to the state's

highest court.  See *Ross v. Moffitt*, 417 U.S. 600, 610, 94 S.Ct. 2437, 48 L.Ed.2d 341 (1971);

*Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 2583, 162 L.Ed. 2d 552 (2005).

In *Coleman* the court stated, "Given that a criminal defendant has no right to counsel beyond

his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to hold

8

that Coleman had a right to counsel to appeal a state collateral determination of his claims of trial error." *Coleman*, 501 U.S. at 756-57, 111 S.Ct. at 2568. This broad language sweeps state discretionary appeals within its ambit. However, the issue was counsel's effectiveness in the state habeas appeal. *Coleman* determined only that ineffectiveness of counsel in state post-conviction proceedings did not constitute cause. *Id.* An argument could be made that the application of *Coleman's* disallowance of attorney error as "cause" to discretionary second-tier appeals is *dicta*. *Coleman*, did refer specifically to *Ross v. Moffitt* (see *Coleman*, 501 U.S. at 742-757, 111 S.Ct. at 2567, bolstering the extension of its rationale to discretionary appeals to state supreme courts. Further, in published decisions from the Ninth and Second Circuits this principle has been applied to reject alleged "cause" to excuse the procedural default from counsel's failure to advise or pursue their clients' case onto the next appeal. See *Smith v. Idaho*, 392 F.3d 350, 356-57 (9th Cir. 2004), and *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2nd Cir. 2002), *cert. denied*, 540 U.S. 990 (2003). Very recently the Second Circuit recognized the lack of a clear statement from the Supreme Court on this issue but found no constitutional obligation on counsel, reasoning:

> Our own precedent supports this conclusion. We have previously observed that Supreme Court precedent "strongly suggest[s]" that there is no right to counsel beyond first-tier appeal and that, at a minimum, it is "in doubt" whether such right exists on a discretionary second-tier appeal. *Hernandez v. Greiner*, 414 F.3d 266, 270 (2d Cir.2005). We have also reasoned that because a criminal defendant has no constitutional right to counsel after first-tier appeal, even if his attorney's performance in seeking leave to appeal from the state's highest court "did not conform to minimum standards, this failure would not violate any *constitutional* right." *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2d Cir.2002) (emphasis supplied).

*Pena v. U.S.,* - F.3d- , 2008 WL 2789499, *3 (2nd Cir. 2008).

9

The Supreme Court's decision in *Coleman* has been interpreted to set out a broad rule, and from that rule  counsel's failure to advise the client of the right to appeal beyond the first appeal of right does not constitutionally constitute ineffective assistance of appellate counsel. Baker's excuses for his untimely appeal to Ohio's Supreme Court do not constitute "cause" to excuse his procedural default nor demonstrate "actual prejudice."  Accordingly, federal review of his habeas corpus petition  is barred due to the lack of "fair presentation" of the grounds raised in the petition and the lack of cause and prejudice to excuse this procedural default.

*Actual Innocence:*

Finally, Baker alludes to actual innocence in his arguments. He appears to link this with his challenge to the sufficiency of the evidence supporting conviction.  While it is possible for a state prisoner to escape the consequences of his procedural default by establishing a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent (See *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 ( ( 2004); *Murray*, 477 U.S. at 495-96.; *Schlup v. Delo*, 513 U.S. at 327, 115 S.Ct. at 867, 130 L.Ed.2d 808 (1995)), to succeed, Baker would need to present "new reliable evidence. . . that was not presented at trial" *Schlup*, 513 U.S. at 324. "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). "In *Schlup*, the [ Supreme] Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence,'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547

10

U.S. at 536-37, 126 S.Ct. at 2076 -2077.  This requires support from, "allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Schlup*, 513 U.S. at 324; *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Baker has not produced new evidence as a gateway for federal review of his grounds raised in federal habeas corpus.

### *CONCLUSION AND RECOMMENDATION*

Following review of the petition, Respondent's arguments based on procedural default of Baker's claims in the state courts, and applicable law, Baker has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Baker has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. Finally, there has been no demonstrated need for an evidentiary hearing, and it is recommended that Baker's petition for federal  habeas corpus be denied.

s/James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

11

August 25, 2008